Sullivan,
Jan. 6, 1948.} No. 3704.

### GEORGE A. IRWIN

*v.*

### ARMAND C. BLAIN and IRWIN MOTORS, INC.

*H. Thornton Lorimer* and *Thomas F. Donovan* (*Mr. Lorimer* orally), for the plaintiff.

*Leahy & Denault* (*Mr. Leahy* orally), for the defendant.

BLANDIN, J. The decree of the Court made in accordance with clearly findable facts must be affirmed.

During the trial much evidence bearing on the circumstances which surrounded the making of the contract, including the intention of the parties as expressed to each other, was introduced by both sides without objection.

"The basic idea that a contract is to be interpreted in the light of the surrounding circumstances has been applied in this jurisdiction from early times." *Pettee* v. *Chapter*, 86 N. H. 419, 424, 425, and cases cited. See also, *Occhipinti* v. *Weiner*, 91 N. H. 388, 389. The finding of the surrounding circumstances presents only a question of fact. *Pettee* v. *Chapter, supra,* 427. See also *Rogers* v. *Company*, 91 N. H. 398, 400; *Bee* v. *Company*, 94 N. H. 478.

There was ample evidence to sustain the Court's findings. The plaintiff testified that the parties intended that he be allowed to purchase the stock at any time, but if he delayed the defendant was to receive 2 per cent of the net profits on the stock while he held it, to be determined in accordance with the provisions of paragraphs three and four of the agreement. The plaintiff also testified to circumstances which warranted the Court's finding that the defendant must have known that the plaintiff was desirous of purchasing the stock at the earliest possible moment that he was able to do so, and that the agreement was intended so to provide. Notwithstanding some statements which might be construed as conflicting and the defendant's contradiction of this testimony no reason appears why

the Court was not at liberty to believe the plaintiff's version of the transaction. The contract itself furnishes strong support for the plaintiff's theory in that paragraphs one, two and six give him an unqualified right to purchase the stock at any time within ten years and are not inconsistent with paragraphs three and four, since the latter may properly be held to apply only in the event of a delay in purchasing by the plaintiff. Here again the Court has found upon sufficient evidence that the main purpose of the agreement, so far as it affected the defendant, was one of security. In case of delay the transfer of stock is to be made upon tender of the $15,000 and the defendant's share of the net profits paid to him as soon thereafter as they can be reckoned under the terms of the contract. The decree has so provided. In substance, the interpretation placed upon the contract by the Trial Court in the light of his clear and comprehensive findings appears to be a reasonable one consistent with the purposes of the agreement, while the construction contended for by the defendant would produce a contrary result.

Common sense and the weight of authority combine to furnish support for the conclusion reached. Restatement, Contracts: N. H. Anno. *s.* 236, *comments* (a) (b). 17 C. J. S. 726, *s.* 309.

The defendant's requests for findings of fact and rulings of law have been carefully examined. Both are disposed of on the ground that they are inconsistent with the facts and rulings of law of the Trial Court which are herein upheld.

It appears there was no error in the decree entered by the Superior Court.

*Exceptions overruled.*

All concurred.